*1818.*

*Yearly*
*vs*
*Ashley*

tity of land devised to the lessor of the plaintiff was about 730 acres, and that that devised to *Rosa Meekins* was about 75 acres. The defendants then prayed the court to direct the jury, that the testimony was not sufficient to support the issue joined on the part of the plaintiff. But the Court [*Earle,* Ch. J. & *Purnell* and *Worrell,* A. J.] refused to give this direction, being of opinion that *Rosa Meekins* took only an estate for life in the lands devised to her, and that the plaintiff was entitled to recover. The defendants excepted; and the verdict and judgment being against them, they appealed to this court.

The cause was argued before BUCHANAN, JOHNSON, MARTIN, and DORSEY, J.

*Carmichael* and *Tilghman,* for the Appellants, stated, that the question was, whether or not an estate for life or in fee was devised by the will of *B. Money* to *Rosa Meekins?* To show that an estate in fee was devised to her, they cited *Strong vs. Teatt,* 2 *Burr.* 910, 912. *Frogmorton vs. Holyday,* 3 *Burr.* 1618. *Doe vs. Richards,* 3 *T. R.* 357. *Roe vs. Avis,* 4 *T. R.* 605. *Goodtitle vs. Miles,* 6 *East,* 494. *Robinson vs. Robinson,* 1 *Burr.* 38. *Grayson vs. Atkinson,* 1 *Wils.* 333. *Tanner vs. Wise,* 3 *P. Wms.* 295. *Gulliver vs. Poynts,* 3 *Wils.* 141. *Doe vs. Buckner,* 6 *T. R.* 610; and *Doe vs. Clayton,* 8 *East,* 141.

*Chambers,* for the Appellee, cited *Roe vs. Holms,* 2 *Wils.* 80. *Right vs. Sidebotham,* 2 *Dougl.* 759. *Denn vs. Mellor,* 5 *T. R.* 558. *Doe vs. Wright,* 8 *T. R,* 64. *Doe vs. Allen, Ibid* 497. *Goodright vs. Barron,* 11 *East,* 220; and *Walters vs. Walters,* 3 *Harr. & Johns.* 201.

JUDGMENT AFFIRMED.

---

JUNE, (E. S.)                YEARLY VS. ASHLEY.

*In an action of slander the words charged in the several counts in the declaration were—1. J A, (the plaintiff,) did cut my horses' throats. 2 J A did cut my horses' throats, or why did he not come forward and clear himself, or sue me for his character. 3 I am certain that J A cut my horses' throats, and no body else. 4 I believe J A cut my horses' throats, and no body else — Held, (after a general verdict for the plaintiff,) that the words were actionable*

APPEAL from *Kent* County Court. This was an action of slander, brought by the appellee against the appellant. The declaration contained four counts—the words charged in the *first* to have been spoken of the defendant, were: "*Isaiah Ashley* did cut my horses' throats. In the *second:* "*Isaiah Ashley* did cut my horses' throats, or why did he not come forward and clear himself, or sue me for his character." In the *third:* "I am certain that *Isaiah Ashley* cut my horses' throats, and nobody else " In the *fourth:* "I believe *Isaiah Ashley* cut my horses' throats, and nobody else." The general issue was pleaded, and there was a general verdict for the plaintiff. The defendant moved in arrest of judgment, and assigned these reasons—1. That the words were not actionable. And 2. That the words, if true, imputed no crime against the plaintiff. The county

court overruled the motion, and rendered judgment on the verdict, and the defendant appealed to this court.

1818.

Benson
vs'
Anderson

The cause was argued before BUCHANAN, JOHNSON, MARTIN, and DORSEY, J.

*Chambers*, for the Appellant. If the words, as laid in any one count in the declaration, are defective, the verdict being general, judgment must be arrested. To sustain an action of slander, either particular damages must be stated, or the words charged must impute some crime. 4 *Bac. Ab.* 483. The words charged in the declaration should be such, as judgment could be rendered upon, if stated in an indictment; and as the words in question are not those used in the act of 1809, *ch.* 138, *s.* 6, no judgment ought to have been rendered. *Holt vs. Astrigg*, *Cro. Jac.* 184. *Holt vs Scholefield*, 6 *T. R.* 691. *Fiese vs Linder*, 3 *Bos. & Pull.* 372. *Barton vs. Bell*, *Cro. Jac.* 331; and *Barham's* Case, 4 *Coke*, 20.

*J. E. Barroll*, for the Appellee. To show that the words were actionable of themselves, he referred to *Finch's Law*, 186. *Onslow vs. Horne*, 3 *Wils.* 186. 2 *M'Nally*, 576; and 2 *Esp. Dig.* 81, (497.)

JUDGMENT AFFIRMED.

---

BENSON VS. ANDERSON.

JUNE.

APPEAL from *Montgomery* County Court. Trespass for entering the close of the plaintiff, (now appellee,) and carrying away negroes, &c. The defendant, (the appellant,) pleaded the general issue, with leave to give the special matter in evidence.

At the trial the defendant gave in evidence, that he by his agent, the witness, took the property stated in the declaration, he the witness alleging, at the time of taking it, that he took the same as a distress for a certain sum for rent due the defendant by the plaintiff; that he stated to the plaintiff the amount of rent alleged to be due from him to the defendant, and told him that he was going to take the negroes as a distress for the said rent, the negroes being then on the said premises of the defendant, then in the occupation of the plaintiff. That the plaintiff made no objection to the sum so stated to be due for rent, nor did he

*In trespass for entering the close of P, and carrying away negroes, &c. the evidence was, that D took the property, alleging that he took it as a distress for a certain sum for rent due to him from P, and he stated to P the amount of the rent alleged to be due to him; that he was going to take the negroes as a distress for the said rent,—the negroes being on the premises of D, then in the occupation of P, who made no objection to the sum stated to be due for rent, but made no acknowledgment that he did or did not owe any rent, but requested D to*

take other property instead of the negroes, which was refused.—*Held*, that the evidence was not sufficient to prove that any rent was due, for which a distress could be made, though it would be sufficient to shew that rent was due by the plaintiff